UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN BAZLEY, <br><br> Plaintiff, <br> v. <br><br> BRAND ENERGY SOLUTIONS LLC, et al., <br><br> Defendants. | CASE NO. C18-1648JLR <br><br> ORDER TO SHOW CAUSE |

The court ORDERS removing Defendants Brand Energy Solutions LLC, Brand Energy Services LLC, and BrandSafway LLC (collectively, "Defendants") to show cause demonstrating by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, under 28 U.S.C. §1332(a). *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117-18 (9th Cir. 2004) (remanding case for determination by the district court that the amount in controversy requirement was

//

ORDER - 1

satisfied); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

The federal removal statute, 28 U.S.C. § 1441, provides that a defendant may remove an action to federal court on the basis of federal question or diversity jurisdiction. Here, Defendants removed this action based on diversity jurisdiction under 28 U.S.C. § 1332(a). (Not. of Rem. (Dkt. # 1) at 1.) Defendants' notice of removal states that, in reliance on Plaintiff Kevin Bazley's complaint, "Defendants have a good faith belief that he seeks damages in excess of the $75,000 threshold to invoke this Court's jurisdiction." (*Id.* at 2.) The notice of removal does not provide any additional evidence to support this assertion. (*See generally id.*)

Mr. Bazley's underlying complaint requests damages associated with an injury he sustained while using scaffolding allegedly installed by Defendants. (Compl. (Dkt. # 1-2) ¶¶ 3.1-3.2.) Mr. Bazley's complaint does not describe the severity of his injury. (*See generally id.*) Rather, Mr. Bazley's explanation of his injury is simply that "his left shoulder caught on an exposed bolt." (*Id.* ¶ 3.1.) Likewise, Mr. Bazley's complaint does not specify the amount of damages he seeks. (*See generally id.*) The vague statements in the complaint do not establish that the amount in controversy exceeds $75,000.00; nor do Defendants provide additional support that demonstrates by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. (*See generally* Not. of Rem.); *see also Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) ("If it is *unclear* what amount of damages the plaintiff has sought, . . . then the

defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.").

Accordingly, the court ORDERS Defendants to show cause why this matter should not be remanded to state court by filing a submission within ten (10) days of the date of this order demonstrating that the $75,000.00 amount in controversy requirement has been met. Mr. Bazley may but is not required to respond to the court's order within the same timeframe.

Dated this 27 day of November, 2018.

JAMES L. ROBART
United States District Judge